**TEXACO TRINIDAD, INC., Plaintiff,**

**v.**

**ASTRO EXITO NAVEGACION S. A., PANAMA, and Michail A. Karageorgis, S. A., Defendants.**

No. 76 Civ. 1573.

United States District Court, S. D. New York.

July 18, 1977.

Bigham, Englar, Jones & Houston, New York City, for plaintiff, by Donald M. Waesche, Jr., Francis M. O'Regan, Geoffrey W. Gill, New York City, of counsel.

Walker & Corsa, New York City, for defendants, by Hollis M. Walker, Jr., Joseph T. Stearns, David L. Linden, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

On July 6, 1975, the vessel M/T MESSINIAKI TOLMI, while mooring, struck Berth # 6, an island jetty owned by plaintiff Texaco Trinidad, Inc. and located at plaintiff's facility at Point-a-Pierre, Trinidad. Plaintiff thereafter commenced this maritime action seeking $5,000,000 in property damages allegedly sustained as a result of the allision against the shipowner, Astro Exito Navigacion S.A., Panama ("Astro Exito"), and the owner's agent, Michail A. Karageorgis, S.A. ("Karageorgis, S.A."). Both defendants are Panamanian corporations; the agent has its offices in Piraeus, Greece. Jurisdiction over the foreign defendants was purportedly obtained by service of process on Michail A. Karageorgis of N. Y., Inc. ("Karageorgis, N.Y."), a New York corporation, which is the conceded agent of Karageorgis, S.A.

Defendants have moved to dismiss the complaint on the grounds of *forum non conveniens*. Additionally, Astro Exito contests *in personam* jurisdiction and Karageorgis, S.A. urges that as agent for a disclosed principal, it is an improper party to this lawsuit. On December 13, 1976, I ordered that the action be stayed to permit plaintiff to obtain discovery on the issues presented. Since I find that dismissal on the grounds of *forum non conveniens* is clearly warranted, I need not reach defendants' other contentions.*

█ Although courts are reluctant to deprive a plaintiff of his choice of forum, under the doctrine of *forum non conveniens* such reluctance may be overcome and an action properly dismissed when the convenience of the parties and the ends of justice weigh heavily against retention of jurisdiction. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). To be considered are the private interests of the litigants, relative ease of access to sources of proof, availability of compulsory process, cost of obtaining willing witnesses, necessity of a view of the premises, and enforceability of a judgment if obtained. *Id.* An additional factor is the public interest which includes a limitation on the use of a local forum for resolution of controversies lacking significant local contacts, particularly if trial would entail administrative and legal problems for the court. *Id.; Fitzgerald v. Texaco, Inc.*, 521 F.2d 448 (2d Cir. 1935), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976).

Plaintiff Texaco Trinidad, Inc. was incorporated under the laws of the State of

---

* That the doctrine of *forum non conveniens* "presupposes at least two forums in which the defendant is amenable to process," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947) does not compel the necessity of ruling on Astro Exito's jurisdictional objection since Karageorgis, S.A. has conceded jurisdiction for the purposes of this suit, and, in any event, on April 12, 1976, Astro Exito commenced a lawsuit which is presently pending in Trinidad against plaintiff herein, among others, arising out of the instant allision. Thus, Astro Exito is clearly "amenable to process" in that jurisdiction.

Delaware and has an office in that state. Its principal place of business, however, is in Point-a-Pierre, Trinidad, and its certificate of incorporation indicates that it was formed primarily for the purpose of acquiring and operating a Trinidadian oil business. It is not licensed to do business in New York. Defendants are both Panamanian corporations with offices in Greece.

The accident out of which this action arose occurred in Point-a-Pierre, where the damaged property is located. The operating cause of the damage is purportedly a Panamanian owned and Greek registered vessel, piloted by a Trinidadian pilot, whose services were supplied by a local pilots' association and arranged by the vessel's charterer, Texaco Overseas Tankship, Ltd., to whom the vessel was under charter when purchased by Astro Exito. The ship's officers are Greek and the crew consisted of Greeks and Indonesians. At the time of the accident, the vessel was being assisted by tugboats, one of which was owned by plaintiff and the other, by Texaco Trinidad Services, Ltd. The shore personnel who witnessed the allision and the tugboat crew who assisted in docking the vessel are purportedly foreign and concededly employed by Texaco companies. Defendants maintain that the question of liability will involve a detailed consideration of the port conditions, tides, winds, currents and condition of the ocean floor where the accident occurred, and will be the subject of a third party claim against the foreign assisting tugowners and local Trinidadian pilots association and individual pilot who are beyond this Court's jurisdiction. They additionally contend that the amount of damage sustained will be sharply disputed and will involve real or projected repair costs which will require reference to local Trinidadian labor and material costs. They further represent that they are willing to submit to the jurisdiction of the courts of Trinidad where an action brought by them on April 12, 1976 arising out of the instant allision is presently pending, and will waive any defense based on laches or the statute of limitations which might otherwise be available before that court.

Plaintiff initially disputes any inconvenience to the parties of retaining the action, offering to fly the shore and tugboat personnel who witnessed the allision from Trinidad to New York at its expense for the taking of testimony, and pointing out that none of the vessel's logs or documents bearing on the case are located in Trinidad. However, there is no indication that these witnesses, who are the subject of plaintiff's offer, would be willing to come; should they choose not to testify, it is doubtful whether their presence could be compelled. This situation is not solved by the fact that the testimony of such witnesses can be taken by commission or letters rogatory. As the Supreme Court has recognized:

> "Certainly, to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants. Nor is it necessarily cured by the statement of plaintiff's counsel that he will see to getting many of the witnesses to the trial and that some of them 'would be delighted to come to New York to testify.' There may be circumstances where such a proposal should be given weight. In others, the offer may not turn out to be as generous as defendant or court might suppose it to be."

*Gulf Oil v. Gilbert, supra,* 330 U.S. at 511, 67 S.Ct. at 844. Considering the facts of this case, the latter circumstance noted by the Supreme Court would appear to control. Nor is plaintiff's representation concerning the documents of substantial weight since there is no indication that these documents are located in New York.

The primary thrust of plaintiff's opposition is based on the fact of its United States citizenship and that of the Trinidadian limitation of liability statute which would restrict any recovery to approximately $710,000 as opposed to a potential ceiling of $5,000,000 if the action were retained here.

Although plaintiff's citizenship is a factor to be weighed in determining

whether to dismiss on *forum non conveniens* grounds, it is not controlling if the balance of factors tips heavily in favor of defendants. *Olympic Corporation v. Societe Generale,* 462 F.2d 376, 378 (2d Cir. 1972); *Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633, 645–46 (2d Cir.), *cert. denied* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956); *Bernuth Lembcke Co., Inc. v. Siemens Aktiengesellschaft,* 1976 A.M.C. 2175 (S.D.N.Y.1976). In this case, particularly, the mere fact of plaintiff's citizenship cannot overcome the numerous factors detailed above which indicate the wholly local nature of this action and militate against the retention of jurisdiction. Indeed, plaintiff is a United States citizen solely by virtue of its incorporation; its principal office and area of operations are in Trinidad. As evidenced by its appearance in the pending Trinidadian lawsuit, plaintiff is fully capable of litigating this action for damage to its Trinidadian property in that jurisdiction. And to do so would substantially reduce the witness costs, eliminating any necessity for plaintiff to substantiate its offer to fly those witnesses, if any, willing to testify, to New York.

 The ultimate question, then, is whether the convenience of trying this case in Trinidad and inconvenience of litigating it in the Southern District of New York with which no contacts appear, together with considerations of public interest militating against the retention of jurisdiction, outweighs the potential of prejudice to plaintiff resulting from the Trinidadian restriction on any recovery. I find that it clearly does. As the Second Circuit aptly stated in *Fitzgerald v. Texaco, Inc.,* 521 F.2d 448, 453 (2d Cir. 1975) in affirming the grant of Texaco's motion to dismiss on *forum non conveniens* grounds:

> "A district court has discretion to dismiss an action under the doctrine of *forum non conveniens,* however, even though the law applicable in the alternate forum may be less favorable to the plaintiff's chance of recovery. . . . A contrary holding will emasculate the doctrine, for a plaintiff rarely chooses to bring an action in a forum, especially a foreign one, where he is less likely to recover."

Any limitation on recovery, of course, would have to result from a finding of liability on the part of defendants, who have maintained that they would have third party claims for any recovery by plaintiff against the pilot, tugowners and others who are not subject to this Court's jurisdiction. This factor additionally weighs heavily against the retention of jurisdiction in this district. *Id.* at 453.

Accordingly, defendants' motion to dismiss the complaint on the grounds of *forum non conveniens* is granted, providing that defendants adhere to their representations to waive any defense of laches or the statute of limitations in a Trinidadian suit arising out of this allision, in which action no jurisdictional objection will be raised.

IT IS SO ORDERED.