ALCOA STEAMSHIP COMPANY,
INC., Plaintiff,

v.

M/V NORDIC REGENT, her boilers, tackle, etc. in rem, and Norcross Shipping Co., Inc., as her owner, in personam, Defendant.

No. 77 Civ. 84 (WCC).

United States District Court,
S. D. New York.

Jan. 17, 1978.

Haight, Gardner, Poor & Havens, New York City, for plaintiff; J. Ward O'Neill, Gordon W. Paulsen, Emil A. Kratovil, Jr., Edward J. Murphy, New York City, of counsel.

Walker & Corsa, New York City, for defendant; Hollis M. Walker, Jr., New York City, of counsel.

## MEMORANDUM AND ORDER

CONNER, District Judge:

This is an action to recover property damages sustained as the result of an accident on January 2, 1977 when the M/V Nordic Regent struck a pier owned by plaintiff Alcoa Steamship Company, Inc. and located at Tembladora, Trinidad, West Indies. Presently before this Court is a motion by defendant, Norcross Shipping Co., Inc., owner of the M/V Nordic Regent, to dismiss the complaint on grounds of *forum non conveniens.*

The power of a federal court to decline to exercise jurisdiction where the litigation can more appropriately be conducted in a foreign tribunal was established in *Gulf Oil v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), which sets forth the factors to be evaluated in deciding the instant motion. Concerning the private interest of the litigants, such factors include plaintiff's initial choice of forum; the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; questions as to the enforceability of a judgment; relative advantages and obstacles to a fair trial; and all other practical problems that make trial of a case easy, expeditious and inexpensive. From the standpoint of the public interest, the Court may consider administrative difficulties that follow from court congestion; a local interest in having localized controversies decided at home; and avoidance of unnecessary problems in conflicts of laws and in law foreign to the forum.

In support of its motion, defendant points to the lack of connection between any event in this case and the Southern District of New York; indeed, it argues, the only relationship between the controversy and this forum is that the plaintiff is a New York corporation. Defendant contends that none of the witnesses on the issue of liability or damages resides in New York and that indeed most of the witnesses, including plaintiff's dock employees, non-party tugboat crew members, pilots and pilot station personnel, and defendant's witnesses on the cost of repairs to the pier, all reside in Trinidad and are not subject to process in New York; defendant also argues that it would be unable to implead the pilot's association—which it asserts may be liable for the accident—in this forum. Defendant further states that evidence relating to such factors as movement of tides, currents, winds and drafts is most accessible and can be more conveniently evaluated in Trinidad, and that a view of the pier may be necessary. Finally, defendant maintains that the courts of Trinidad are best equipped to apply the law of Trinidad, which defendant contends will govern this case.

In response, plaintiff points out that defendant is represented by a general agent, Anglo Nordic Shipping, Limited

**12**

("Anglo Nordic"), located in New York, and that on March 5, 1976 the M/V Nordic Regent and Anglo Nordic as her disponent or chartered owner entered into a charter party with plaintiff as charterer under which Anglo Nordic agreed to provide the services of the M/V Nordic Regent as an ore carrier. Plaintiff maintains that various terms of this agreement, including a stipulation that litigation arising out of the charter party may be conducted in New York and that New York law shall control such litigation make New York an appropriate if not mandatory forum for this litigation. Regardless of the applicability of the charter agreement, however, plaintiff argues that the facts of this case do not satisfy the requirement that "unless the balance [of convenience] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed," *Gulf Oil v. Gilbert, supra* at 508, 67 S.Ct. at 843, and contends that the balance must be even stronger when the plaintiff is an American citizen and the alternative forum is a foreign one. Plaintiff maintains that this forum is more convenient because the repair and reconstruction of its Trinidad facility will be supervised by plaintiff's employees headquartered in Pittsburgh and carried out by an independent contractor located in New Orleans, Louisiana.[1] Plaintiff also offers to bring its dock employees to New York for deposition and trial. Plaintiff further argues that both defendant and the crew of the vessel—which is predominantly Italian—would be as inconvenienced by a trial in Trinidad as in New York, since defendant is a "completely international operation" and the crew will either be at sea or in Italy. Finally, plaintiff maintains that its recovery may be substantially restricted under the applicable limitation of liability law of Trinidad.

■ This Court is persuaded that the lack of a substantial nexus between this controversy and the Southern District of New York combined with the inconvenience and possible prejudice to the defendant resulting from retention of jurisdiction here—which substantially outweigh any inconvenience plaintiff may suffer—renders this an inappropriate forum; an evaluation of the contentions of the parties compels the conclusion that the litigation of this case can be conducted most expeditiously and inexpensively in Trinidad.

■ The Court agrees with defendant that neither the charter party nor the presence of defendant's agent in New York increases plaintiff's interest in this forum or makes it more convenient or appropriate. Defendant maintains that it is not a party to the agreement and is not bound by its provisions. In any event, the terms of the agreement providing for the conduct of litigation in the Southern District of New York and the applicability of New York law refer only to disputes "arising out of this Charter Party." The agreement between plaintiff and Anglo Nordic concerns such matters as specifications of the ship, duration of the charter, lawful cargo, etc.; none of its terms contemplates a dispute based on negligence unrelated to the defendant ship's function as carrier of plaintiff's cargo. Furthermore, plaintiff's complaint in this action is based entirely on negligence and does not allege a breach of the agreement. This Court therefore finds that the terms of the charter party cannot be construed to govern this case.

The presence of defendant's agent in New York may be relevant to the question of personal jurisdiction, but plaintiff has offered no reason why the agent's presence would make trial of this case more convenient for the defendant; it thus has no bearing on the instant motion.

---

1. Plaintiff suggests that its acquisition of *in rem* jurisdiction over the M/V Nordic Regent further supports its opposition to dismissal. However, application of the doctrine of *forum non conveniens* would be virtually eliminated in admiralty cases if dismissal could be prevented by the existence of *in rem* jurisdiction, and in the absence of other factors outweighing a showing of substantial inconvenience to defendants, it can have no bearing on the instant motion. See *Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 23, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

■ Plaintiff's interest in proceeding here to avoid limitation of defendant's liability under Trinidad law is also insufficient to override considerations of convenience favoring the defendant. It is well established that a court may dismiss an action under the doctrine of *forum non conveniens* even though the law applicable in the alternative forum may be less favorable to the plaintiff's chance of recovery. See, *e. g., Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 453 (2d Cir. 1975), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976).

■ Nor does plaintiff's asserted interest in the convenience of its expert witnesses weigh heavily, since they will have to travel some distance to trial regardless of its location. This is also true, of course, with respect to witnesses from the crew of the M/V Nordic Regent. On the whole, however, the availability and convenience of the witnesses militates most strongly toward dismissal in this case. The dock workers, pilot personnel and repair witnesses are concededly residents of Trinidad. As the court said in *Gulf Oil v. Gilbert, supra* at 511, 67 S.Ct. at 844,

> "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants. Nor is it necessarily cured by the statement of plaintiff's counsel that he will see to getting many of the witnesses to the trial * * *."

Most importantly, the inability to implead the pilot association here, which is not challenged by plaintiff, may seriously prejudice the defendant. The inability to implead other parties directly involved has been recognized as a factor to be weighed against retention of jurisdiction, see *Fitzgerald v. Texaco, supra* at 453, and this disadvantage to defendant is not cured by plaintiff's statement that it "believes" the Trinidadian pilot witness would respond to a third-party subpoena to appear for deposition in New York.

Finally, dismissal will not leave plaintiff without any remedy. Defendant has agreed to submit to the jurisdiction of the courts of Trinidad as a condition of dismissal of this suit; moreover, defendant has already commenced a suit in Trinidad which establishes its presence there for purposes of suit by plaintiff. Defendant has also offered a letter of guaranty that a Trinidadian judgment will be satisfied and agreed that this may be made a condition of the dismissal of this action.

■ These factors substantially outweigh plaintiff's choice of forum—even though plaintiff correctly argues that courts are more reluctant to deprive a plaintiff of that choice where dismissal would force an American citizen to seek redress in a foreign court. An American citizen does not, however, enjoy an absolute right to sue in an American court. *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 646 (2d Cir.) *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956). Nor is plaintiff's New York residence dispositive. *Bernuth Lembcke Co. v. Siemens A. G.*, 1976 AMC 2175 (S.D.N.Y. 1976). In any event, the result in this case is not unduly harsh since the action arose out of plaintiff's business activities in Trinidad, which is presumably not a forum unfamiliar to plaintiff.

For the foregoing reasons, defendant's motion to dismiss is granted, subject to reinstatement in the event that defendant shall fail to submit to jurisdiction in Trinidad with respect to the subject matter of this action and execute the guaranty of satisfaction of judgment described above.

SO ORDERED.