464 F.Supp. 94 (1978)
Choucri ABOUCHALACHE, Plaintiff,
v.
HILTON INTERNATIONAL CO., Conrad N. Hilton, Charles C. Tillinghast, Jr., Curt R. Strand, Sidney H. Willner, Charles A. Bell, C. Edwin Meyer, Jr., L. Edwin Smart, and Forwood C. Wiser, Jr., Defendants.
Joseph L. COLLINS and Joseph J. Cappucci, Plaintiffs,
v.
HILTON INTERNATIONAL CO., Conrad N. Hilton, Charles C. Tillinghast, Jr., Curt R. Strand, Sidney H. Willner, Charles A. Bell, C. Edwin Meyer, Jr., L. Edwin Smart, and Forwood C. Wiser, Jr., Defendants.
June Rose LLOYD, as Executrix under the Last Will and Testament of Robert Anthony Lloyd, Deceased, Plaintiff,
v.
HILTON INTERNATIONAL CO., Conrad N. Hilton, Charles C. Tillinghast, Jr., Curt R. Strand, Sidney H. Willner, Charles A. Bell, C. Edwin Meyer, Jr., L. Edwin Smart, and Forwood C. Wiser, Jr., Defendants.
Jacob E. LOOHUIS, as Administrator of the Estate of Gesiena Geertruide Loohuis, Deceased, Plaintiff,
v.
HILTON INTERNATIONAL CO., Conrad N. Hilton, Charles C. Tillinghast, Jr., Curt R. Strand, Sidney H. Willner, Charles A. Bell, C. Edwin Meyer, Jr., L. Edwin Smart, and Forwood C. Wiser, Jr., Defendants.
Sophia KIUKKOHEN, Plaintiff,
v.
HILTON INTERNATIONAL CO., Conrad N. Hilton, Charles C. Tillinghast, Jr., Curt R. Strand, Sidney H. Willner, Charles A. Bell, C. Edwin Meyer, Jr., L. Edwin Smart, and Forwood C. Wiser, Jr., Defendants.
Nazih LADKI, Plaintiff,
v.
HILTON INTERNATIONAL CO., Curt R. Strand, Sidney H. Willner, and Charles A. Bell, Defendants.
Joseph I. COLLINS and Joseph J. Cappucci, Plaintiffs,
v.
HILTON INTERNATIONAL HOTELS (U.K.) LTD., Defendant.
Nos. 76 Civ. 4789, 77 Civ. 942, 77 Civ. 4033, 77 Civ. 4034, 77 Civ. 4035, 77 Civ. 4152 and 78 Civ. 4153.
United States District Court, S. D. New York.
December 11, 1978.
*96 James A. Gallagher, Jr., Rivkin, Leff & Sherman, Garden City, N. Y., for plaintiffs Collins, Cappucci and Abouchalache.
Klotz & Gould, New York City, for plaintiffs Lloyd, Loohuis and Kiukkohen.
John M. Cunneen, Flynn & Gibbons, New York City, for defendants.
VINCENT L. BRODERICK, District Judge.

I
These actions arise out of a bomb explosion in the London Hilton on September 5, 1975. Plaintiffs in the above-captioned cases either were injured in the explosion or are survivors of people who died as a result of the explosion. Plaintiffs have all brought actions in this court against a) Hilton International Co., Inc. ("Hilton International"), a Delaware corporation with its principal place of business in New York, and b) members of its board of directors as of September 5, 1975.[1] Plaintiffs Collins and Cappucci have also brought an action against Hilton International (U.K.), Ltd. ("Hilton, U.K."). Plaintiffs charge defendants with negligence relating to the procedure for handling bomb threats in the London Hilton.

II

Jurisdiction
As to the action against defendant Hilton International, that corporation has its principal place of business in New York; the individual defendants all reside in states other than Virginia. Plaintiffs reside as follows: Abouchalache in Lebanon, Lloyd in the United Kingdom, Loohuis in the Netherlands, Kiukkohen in Finland, Ladki in Lebanon, Collins and Cappucci in Virginia.
As to the action by Collins and Cappucci against Hilton, U.K., the defendant is a corporation organized and existing under the laws of Great Britain, while the plaintiffs reside in Virginia.[2]
Thus this court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332 with respect to all of these actions.

III
In this memorandum order I consider motions by all defendants to dismiss the actions against them on the principle of forum non conveniens.[3] For the reasons which follow, those motions are granted.

IV

Standards for application of the principle of forum non conveniens
"The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947), cited in Fiorenza v. United States Steel International, Ltd., 311 F.Supp. 117, 119 (S.D.N.Y.1969).
The courts have considered the following factors relevant for determination of a motion to dismiss on the ground of forum non conveniens: 1) access to the source of proof; 2) availability of compulsory process of witnesses; 3) proximity for view of the premises in issue; 4) local interest in the litigation; 5) the law to be applied, favoring "a forum that is at home with the state [or foreign] law that must govern the case"; and 6) the cost of obtaining witnesses. Gulf Oil Corporation v. Gilbert, supra, 330 U.S. at 508-09, 67 S.Ct. 839. *97 See also Fitzgerald v. Texaco, Inc., 521 F.2d 448, 451 (2d Cir. 1975), cert. denied, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976); Farmanfarmaian v. Gulf Oil Corporation, 437 F.Supp. 910, 923 (S.D.N.Y.1977). An additional relevant factor is the right of plaintiffs, other things being equal, to choose the forum for litigation. See Norwood v. Kirkpatrick, 349 U.S. 29, 31, 75 S.Ct. 544, 99 L.Ed. 789 (1955), quoting All States Freight v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952).
Ultimately the decision as to whether or not the principle of forum non conveniens should be applied in a particular case entails an exercise of the court's discretion. The court should employ the factors above set forth as aids to informing its discretion, and that informed discretion should be exercised "with regard to what is right and equitable under the circumstances and the law." Mobil Tankers Co., S.A. v. Mene Grande Oil Co., 363 F.2d 611, 613 (3d Cir.), cert. denied, 385 U.S. 945, 87 S.Ct. 318, 17 L.Ed.2d 225 (1966) (citing Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed. 520 (1931)). See also Hoffman v. Goberman, 420 F.2d 423, 426 (3d Cir. 1970) ("Each case turns on its own particular facts, but the ultimate inquiry is whether the retention of jurisdiction ... would fairly serve the convenience of the parties and the ends of justice.") (citation omitted).

V

Actions Against Hilton International et al.
A weighty factor in plaintiffs' favor is that they commenced litigation in this forum. This factor is especially significant with regard to plaintiffs Collins and Cappucci, who are citizens of the United States who would be forced by dismissal to use a foreign forum. However, even an American citizen does not enjoy an absolute right to sue in an American court. Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633, 646 (2d Cir.), cert. denied, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956), cited in Alcoa Steamship Co., Inc. v. M/V Nordic Regent, 453 F.Supp. 10, 13 (S.D.N.Y.), aff'd, No. 78-7054 (2d Cir. 1978). Plaintiffs' choice of forum and Collins' and Cappucci's status as American citizens are factors to be balanced with all other factors. See Olympic Corp. v. Societe Generale, 462 F.2d 376, 378 (2d Cir. 1972).
In order properly to evaluate the factors, it is necessary to analyze the necessary ramifications of the allegations contained in the complaint. In the actions against Hilton International et al., plaintiffs charge defendants with negligence in New York in the development and control of bomb threat procedures used at the London Hilton on September 5, 1975. With respect to this charge, plaintiffs state that "... despite all defendants' irrelevant protestations on the merits to the contrary" .. "the negligence here sued upon was committed in New York."[4] The argument is not tenable. If, as plaintiffs assert, they are merely concerned with proving that defendants were negligent in the formulation of manuals regarding procedures to be followed in response to bomb threats, plaintiffs will be unable to establish a line of causation from the negligence in New York to the injuries suffered in London. Plaintiffs necessarily must prove the occurrences in London, and plaintiffs must link defendants' actions in New York to acts in London which caused plaintiffs' injuries. Plaintiffs appear, in fact, to realize this, for in their papers they have discussed occurrences in London; they have sought discovery of personnel at the London Hilton; and they intend to present as witnesses at trial police who responded to the explosion in London. Therefore, I must necessarily consider the significant role that will be played in this litigation by London facts and London witnesses.
Access to the source of proof will be effectuated by dismissal of these actions and commencement of suit in England. Relevant documents which were prepared in New York have been supplied to plaintiffs and in any event can easily be transported to England. Other relevant sources *98 of proof are located in London, e. g. police reports. Obviously, the site of the explosion, which participants in the litigation may need to view, is in London. Witnesses to the explosion and its aftermath, e. g., police officers, are in London and are not subject to subpoena by this court. Travel to London by plaintiffs and many potential witnesses is no more difficult, and in many, if not most, instances, more convenient than travel to New York. Concomitantly, the cost of obtaining witnesses will be less if the litigation is in England. Local interest in the lawsuit is higher in London because the explosion occurred there; the London populace has a vested interest in determining whether there was negligence connected with the September 5, 1975 explosion that is not shared to the same extent by the people of New York.
Plaintiffs contend that because of certain legal facts of life they will be prejudiced if they are forced to litigate in England rather than here:
1. Plaintiffs assert that if they are unsuccessful in litigation in England, they can be compelled to pay defendants' costs of litigation, including attorneys' fees.
2. They assert that they will be financially unable to proceed with litigation in England because English law does not permit suits to be brought on a contingency fee basis; litigation in England will be expensive; and they cannot afford to pay the costs of litigation.
3. They assert that English law does not permit recovery of punitive or exemplary damages for negligence.
Defendants have stipulated that if this litigation goes forward in England and defendants prevail, defendants will not seek costs from plaintiffs.[5]
While I do not lightly dismiss the financial problem, especially as it pertains to the less affluent plaintiffs, I question plaintiffs' predictions on the costs of litigation in England and the impossibility of plaintiffs to afford the litigation.
As to the argument that English law is less hospitable than American law to plaintiffs in negligence actions, it has been held that dismissal under the doctrine of forum non conveniens may be appropriate even though the law in the alternative forum is less hospitable to plaintiffs' claims:
A district court has discretion to dismiss an action under the doctrine of forum non conveniens, however, even though the law applicable in the alternative forum may be less favorable to the plaintiff[s'] chance [and amount] of recovery. Canada Malting Co., Ltd. v. Paterson Steamships, 285 U.S. 413, 418-20 [52 S.Ct. 413, 76 L.Ed. 837] (1932). A contrary holding would emasculate the doctrine, for a plaintiff rarely chooses to bring an action in a forum, especially a foreign one, where he is less likely to recover.
Fitzgerald v. Texaco, Inc., supra, 521 F.2d at 453, quoted in Texaco Trinidad, Inc. v. Astro Exito Navegacion S.A., 437 F.Supp. 331, 334 (S.D.N.Y.1977).[6]
Defendants' motion for dismissal of the actions brought by Abouchalache, Lloyd, Loohuis and Kiukkohen is granted on the ground of forum non conveniens. Defendants' motion for dismissal of the action Collins and Cappucci v. Hilton International Co., et al. is granted on the ground of forum non conveniens.[7] Defendants' motion for dismissal of the action Ladki v. Hilton International Co., et al. is granted on the ground of forum non conveniens.[8]

*99 VI

Collins and Cappucci v. Hilton, U.K.
Defendant Hilton, U.K.'s motion for dismissal of this action as barred by the statute of limitations is denied.
Application of the relevant factors regarding forum non conveniens, as discussed and balanced above in connection with the actions against Hilton International et al., demonstrates even more strongly in this case the appropriateness of dismissal. The only factor which differs in this case weighs in defendant's favor: the complaint is framed against Hilton, U.K., the entity in England which allegedly knew that a bomb had been placed in the London Hilton yet did not order the evacuation of the Hotel; there is no allegation against any New York entity.
Defendant Hilton, U.K.'s motion for dismissal of the action Collins and Cappucci v. Hilton, U.K. is granted on the ground of forum non conveniens.

VII
The dismissals provided for in this memorandum order are conditioned upon the presentation to the court by defendants within ten days of the date of this order of undertakings which will be applicable to any action involving the same plaintiffs and the same issues which is commenced in England on or before December 11, 1979:
1) All defendants in all cases will waive any claims for costs and attorneys' fees should they prevail in litigation in England;
2) The defendants in all actions against Hilton International, et al., consent to subject themselves to personal jurisdiction in the appropriate English court;
3) All defendants in all cases waive, and will not assert, any claims they may have under the statute of limitations in England or New York.
SO ORDERED.
NOTES
[1] The following individuals were also named as defendants in certain of the actions against Hilton International, but those actions have been dismissed as to them on consent: Conrad N. Hilton, Charles C. Tillinghast, Jr., C. Edwin Meyer, Jr., L. Edwin Smart and Forwood C. Wiser, Jr.
[2] Defendant Hilton, U.K. derives substantial income from business in New York and hence was amenable to process in this district.
[3] Defendants Hilton International et al., have timely moved for reconsideration of my order of May 2, 1978, which denied their motions for dismissal of various of the actions herein brought by Abouchalache, Lloyd, Loohuis, and Kiukkohen on the grounds of lack or misfeasance or forum non conveniens. The motion for reconsideration is granted.
[4] Anthony E. Davis Affidavit in Opposition filed March 29, 1978, at p. 2.
[5] See Affidavit of John M. Cunneen, annexed to Defendants' Notice of Motion in Ladki v. Hilton International, et al., filed September 25, 1978 at p. 6; Affidavit of John M. Cunneen annexed to Defendants' Motion for Reconsideration filed March 21, 1978 at p. 21.
[6] Defendants argue also that application of the conflicts-of-law principles developed in Neumeier v. Kuehner, 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972), and its progeny would result in application of English law even if the actions remain in this court.
[7] While plaintiffs Collins and Cappucci and some of their witnesses reside in Virginia and thus travel to England is less convenient and more costly for them, I find that application of all factors indicates the appropriateness of dismissal of their action also.
[8] The motions by plaintiffs Abouchalache, Lloyd, Loohuis, and Kiukkohen for denial of Defendants' Motion for Reargument and Reconsideration is denied. The motion by plaintiff Ladki for consolidation is denied as moot. The motion on behalf of all defendants for review of the memorandum and order of Magistrate Raby dated September 12, 1978 is denied as moot.