**EUTECTIC CORPORATION, New Metals Corporation, and Metallizing Company of America, Inc., Appellants,**

v.

**METCO, INC., Appellee.**

No. 671, Docket 78–7558.

United States Court of Appeals, Second Circuit.

Argued Feb. 21, 1979.

Decided April 30, 1979.

John M. Calimafde, Hopgood, Calimafde, Kalil, Blaustein & Lieberman, New York City (Eugene J. Kalil and Marvin N. Gordon, New York City, of counsel), for appellants.

Arnold Sprung, Sprung, Felfe, Horn, Lynch & Kramer, New York City (Nathaniel D. Kramer, New York City, of counsel), for appellee.

Before LUMBARD, OAKES and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants appeal from the denial of their Rule 60(b) motion. The motion sought relief from a judgment of the court of appeals in respect to patent infringement on the ground that "the technical assumptions made by this Court were serious mistakes and resulted in a determination which was demonstrably impossible." Brief for Appellants at 8–9 (footnote omitted). The District Court for the Eastern District of New York, Edward R. Neaher, Judge, denied the motion, the court holding that as a matter of law it was without jurisdiction to grant the motion. We affirm.

Appellants' motion under Rule 60(b) of the Federal Rules of Civil Procedure [1] is yet another attempt to obtain reversal of a determination of this court on February 6, 1978, that certain claims of appellee's patents in suit were valid and that appellants had infringed the two patents relating to flame spray materials and technical process. *Eutectic Corp. v. Metco, Inc.,* 579 F.2d 1 (2d Cir.), *cert. denied,* ____ U.S. ____, 99 S.Ct.

192, 58 L.Ed.2d 177 (1978). On appeal from a decision of the district court holding the patents valid but not infringed, *Eutectic Corp. v. Metco, Inc.,* 418 F.Supp. 1186 (E.D. N.Y.1976), the court of appeals affirmed the finding of validity but reversed and remanded on the issue of noninfringement. In finding infringement, appellants contend, the court substituted an erroneous interpretation of a phase diagram describing the metallic compositions necessary to produce the patented reaction for the district court's interpretation of the document. Prior to the motion below, on March 10, 1978, appellants filed a petition for rehearing alleging that this court had erred in assuming a competence to interpret the technical document and had also misinterpreted the document. The panel, consisting of Circuit Judges Timbers and Van Graafeiland and District Judge Owen, denied the petition on May 17, 1978, holding that the panel's reading of the phase diagram was consistent with expert testimony at trial, including that of appellants' own expert at trial, as well as the affidavits of two experts that appellants submitted in support of the petition for rehearing. The court also noted that the petition did not challenge the court's conclusion that an artisan using the phase diagram together with the related heat-release chart could produce patented technology. The petition for rehearing contained a suggestion that the action be reheard en banc; but because no active judge or judge who was a member of the panel requested a vote on such suggestion, the petition was denied, on May 17, 1978.

Now alleging that the per curiam opinion denying the petition for rehearing "reached a technical conclusion which is incredulous [*sic*] and scientifically indefensible," appellants on May 26, 1978, filed a motion to

---

1. Rule 60(b), Fed.R.Civ.P., provides in pertinent part:

> Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

Appellants' moving papers do not specify a subsection of Rule 60(b) under which they seek relief, but their brief on appeal relies on subsections (1) and (6).

recall the decision on the petition. The motion was denied by the panel without opinion on June 28, 1978.

Appellants then petitioned for a writ of certiorari on August 16, 1978. Appellants state that the petition was limited to the question of patent validity and did not raise the issue of the alleged mistake by the court of appeals because that question involves matters of evidence and facts for which the Supreme Court would not grant certiorari. On the question presented, the Supreme Court denied certiorari on October 2, 1978. *Eutectic Corp. v. Metco, Inc.,* —— U.S. ——, 99 S.Ct. 192, 58 L.Ed.2d 177 (1978).

While the petition for certiorari was pending, appellants next filed, on August 22, 1978, the instant Rule 60(b) motion. The district court's denial of the motion on October 28, 1978, is the subject of this appeal. We hold that the district court correctly held that it lacked jurisdiction to consider the motion.

■ As the court pointed out at the hearing on the motion, appellants' argument is that the district court's original finding of noninfringement was correct and that it was the court of appeals that erred. The motion, then, requests the district court to set aside or correct the judgment that it entered in accordance with the court of appeals' opinion which found infringement. Because the district court's findings, as far as appellants are concerned, were correct, the Rule 60(b) motion to correct the "mistake" is addressed not to the district court's judgment but to the judgment of the court of appeals. This judgment, however, the district court is without jurisdiction to alter or set aside. The court of appeals' rulings are the law of the case; and the district court is bound to follow them; it has no jurisdiction to review or alter them. *United States v. Cirami,* 563 F.2d 26, 32–33 (2d Cir. 1977) (dictum); *United States v. Fernandez,* 506 F.2d 1200, 1202 (2d Cir. 1974) (dictum); *Tapco Products Co. v. Van Mark Products Corp.,* 466 F.2d 109 (6th Cir. 1972); *Nyyssonen v. Bendix Corp.,* 356 F.2d 193 (1st Cir.), *cert. denied,* 385 U.S. 846, 87 S.Ct.

43, 17 L.Ed.2d 77 (1966); 1B Moore's Federal Practice ¶ 0.404[10], at 571 (2d ed. 1974).

■ The proper course for appellants to seek review of the court of appeals' alleged mistake was by writ of certiorari to the Supreme Court. But, as noted above, appellants did not present this issue in their petition for certiorari. The Rule 60 motion cannot be used as a substitute for appeal. *Schildhaus v. Moe,* 335 F.2d 529, 531 (2d Cir. 1964); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2851, at 142 (1973) [hereinafter Wright & Miller]. Appellants contend that the issue of mistake was not properly appealable to the Supreme Court; but we agree with Judge Neaher that the proper argument would have been that under Rule 52(a) of the Federal Rules of Civil Procedure, the court of appeals incorrectly set aside the district court's findings of fact.

■ Appellants' contentions that this is an exceptional case in which relief under Rule 60(b)(6) is the only available remedy are equally unavailing. The limitation on the use of Rule 60 motions as a substitute for appeal is especially true of motions under Rule 60(b)(6). 11 Wright & Miller, *supra,* § 2864, at 214–15. Moreover, the argument that the court must grant relief under Rule 60(b)(6) because there is no other remedy produces a circular result. Appellants have had several appellate reviews of their case, and the issues have been consistently determined against them. They appear to have exhausted all opportunities for appellate review. But this posture means no more than that they have had their day in court; it does not make relief under Rule 60(b)(6) available in the district court.

Judgment affirmed.