In re MARC RICH & CO. A.G., a Swiss Corporation.

MARC RICH & CO. A.G., Appellant,

v.

UNITED STATES of America, Appellee.

No. 1426, Docket 84–6109.

United States Court of Appeals, Second Circuit.

Argued June 29, 1984.

Decided July 23, 1984.

Peter L. Zimroth, New York City (Boris Kostelanetz, Lawrence S. Feld, Edward M. Spiro, Kostelanetz & Ritholz, New York City, of counsel), for appellant.

Martin J. Auerbach, Asst. U.S. Atty., S.D.N.Y., New York City (Rudolph .W. Giuliani, U.S. Atty., Paul Shechtman, Asst. U.S. Atty., S.D.N.Y., New York City, of counsel), for appellee.

Before KEARSE, PIERCE and SWYGERT,* Circuit Judges.

PIERCE, Circuit Judge:

Appellant Marc Rich & Co. A.G. ("Rich & Co.") appeals from an order of the United States District Court for the Southern Dis-

---

* Senior Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

trict of New York, Leonard B. Sand, *Judge,* entered March 14, 1984, issued pursuant to Fed.R.Civ.P. 60(a) "to clarify and remove any ambiguity and mistake inadvertently contained" in a prior order of the court, dated September 13, 1982, and to conform the prior order to the court's intent to impose civil contempt sanctions upon appellant for a maximum period of eighteen months.

On appeal, Rich & Co. argues that the district court was not empowered to correct the September 13, 1982 order pursuant to Rule 60(a) because (1) the correction did not involve a "clerical mistake" in the order, and (2) the court did not seek leave from this court before correcting the order. We reject these contentions and, therefore, we affirm the order of the district court.

## I. BACKGROUND

This appeal marks Rich & Co.'s most recent effort to avoid the civil contempt sanctions imposed by Judge Sand's September 13, 1982 order. *See In re Marc Rich & Co. A.G.,* 736 F.2d 864 (2d Cir.1984) (*"Marc Rich II"*); *In re Marc Rich & Co., A.G.,* 707 F.2d 663 (2d Cir.), *cert. denied,* — U.S. —, 103 S.Ct. 3555, 77 L.Ed.2d 1400 (1983) (*"Marc Rich I"*). On April 15, 1982, Rich & Co.'s wholly-owned subsidiary, Marc Rich & Co. International, was served with a grand jury subpoena duces tecum addressed to Rich & Co., requiring the production of all documents "pertaining to any and all foreign and domestic crude oil transactions for the years 1980 and 1981."

The subpoena was issued in connection with a still on-going grand jury investigation concerning a possible tax evasion scheme.

Rich & Co. moved before Judge Sand on June 9, 1982, to quash the subpoena on the grounds that the court did not have *in personam* jurisdiction over it and that Swiss law prohibited the production of the materials demanded. Judge Sand denied the motion on August 25. Several weeks later, in response to Rich & Co.'s refusal to comply with the subpoena, Judge Sand issued the September 13, 1982 order imposing upon Rich & Co. a fine of $50,000 per day as sanction for civil contempt. Judge Sand's order stated that the sanction was to run until Rich & Co. complied with the subpoena "or until the expiration of the term of said Grand Jury or until March 13, 1984, whichever first occurs ...." In the same order and at Rich & Co.'s request, the district court stayed imposition of the fine "until such time as the mandate of the Court of Appeals regarding an appeal from this Order is issued ...."[1]

Rich & Co. immediately appealed the contempt order, but that order was affirmed on May 4, 1983. *Marc Rich I,* 707 F.2d 663. On June 27, 1983, the Supreme Court denied Rich & Co.'s petition for a writ of certiorari. — U.S. —, 103 S.Ct. 3555, 77 L.Ed.2d 1400 (1983). On June 28, the district court ordered the contempt fine of $50,000 per day to commence. Thus, it was not until June 29, 1983—more than nine months after the contempt adjudication—

---

1. The September 13, 1982 order states, in relevant part, as follows:

[I]t is hereby ORDERED AND ADJUDGED that: 1. Marc Rich & Co. A.G. is in civil contempt under Title 28, United States Code, Section 1826(a) pursuant to which the Court imposes a fine of $50,000 per day until Marc Rich & Co. A.G. is willing to comply with the order of this Court and to produce the documents called for or until the expiration of term of said Grand Jury or until March 13, 1984, whichever first occurs; 2. The imposition of said fine is stayed until such time as the mandate of the Court of Appeals regarding an appeal from this Order is issued, such stay being subject to the following conditions:

(a) A Notice of Appeal is to be filed by Marc Rich & Co. A.G. by September 14, 1982; and

(b) Marc Rich & Co. A.G. will join with the government in a motion to expedite the appeal, with the appellant's brief to be filed on or before September 22, 1982, and the Government's brief to be filed on or before October 4, 1982.

We note with interest that the March 13, 1984 date (i.e., the date upon which the sanctions were to terminate) was exactly eighteen months after the date of the September 13, 1982 contempt order. Appellant acknowledges that pursuant to 28 U.S.C. § 1826, eighteen months is the maximum period during which the court can impose civil contempt sanctions.

that the contempt sanction against Rich & Co. became effective.

On December 13, 1983, Rich & Co. moved in the district court for an order to vacate the contempt sanction on the ground that certain directives of the Swiss government prevented it from complying with the subpoena. Judge Sand denied the motion on January 27, 1984, and Rich & Co. appealed.

On February 27, 1984, while the above appeal was pending, Rich & Co. filed another motion to vacate, arguing this time that it was unable to comply with the subpoena because the Swiss government had seized certain of its documents in its offices. Judge Sand denied the motion on the ground that "sound procedure dictates that consideration of [the] application be deferred pending action by the Court of Appeals for the Second Circuit." Rich & Co. also appealed this order. Subsequently, this court consolidated the two appeals relating to the motions to vacate. *Marc Rich II*, 736 F.2d 864.

On March 12, 1984, while the *Marc Rich II* appeal was *sub judice* in this court, Rich & Co. wrote Judge Sand stating its view that under the language of the September 13, 1982 contempt order, the sanction against it, Rich & Co., would terminate on the following day, March 13, 1984. The government responded, stating *inter alia* its understanding (1) that the court had intended from the beginning and throughout for the contempt sanction to run for the maximum eighteen-month period (absent compliance with the subpoena or termination of the grand jury proceedings) and (2) that therefore the contempt period did not begin to run until June 29, 1983, when the stay was lifted.

At a hearing before Judge Sand, held on March 13, 1984, Rich & Co.'s attorney argued that the literal language of the contempt order indicated that the sanctions should end that day. The government countered that it was "the intent of all the parties and the intent of the Court ... that

[the] contempt sanctions would run a total of 18 months and that was the only reason that a date certain was set forth in the order." Drawing an analogy to a stay of imprisonment pending appeal, the government argued that it was "inconceivable ... that anybody intended, including the Court, that [Rich & Co.] would get credit for those nine months, just as it is inconceivable to the government that in a criminal case, post-conviction, that an individual defendant would get credit ... for serving jail time from his sentence pending appeal, if he wasn't in jail." The government urged the court to correct the September 13, 1982 order pursuant to Fed.R.Civ.P. 60(a), to reflect the true intent of the court.

Following the hearing, Judge Sand ruled that it had always been the court's intent that "there be a period of 18 months during which time the compulsion of the daily fine would be operative on [Rich & Co.]." Accordingly, pursuant to Rule 60(a), on March 14, 1984, the court entered an order to "clarify and remove any ambiguity and mistake inadvertently contained in the September 13, 1982 Order" and to make clear that the original order contemplated a full eighteen months of sanctions. It is from this order that Rich & Co. appeals.

## II. DISCUSSION

■ Rich & Co. first argues that the correction made by the district court was not the type of correction permitted or envisioned by Rule 60(a). According to appellant, the term "clerical mistake" as used in Rule 60(a) refers only to errors arising from transcription or copying. It urges that because the instant mistake did not result from the transcribing or copying of the September 13, 1982 order, such error does not come within the purview of Rule 60(a).

This argument fails since Rule 60(a) permits the correction not only of clerical mistakes, but also of inadvertent errors "arising from oversight or omission." [2] *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2854, at 148–49 (1973).

---

**2.** Consequently, we need not decide whether appellant correctly defines the term clerical mis-

take. Fed.R.Civ.P. 60(a) states as follows:

In our view, the "error" involved herein clearly is an inadvertent error which "[arises] from oversight or omission" as these terms are used in Rule 60(a). Judge Sand corrected the September 13, 1982 order not to reflect a new and subsequent intent of the court, but to conform the order to "the contemporaneous intent of the court." *Jackson v. Jackson*, 276 F.2d 501, 503 (D.C.Cir.), *cert. denied*, 364 U.S. 849, 81 S.Ct. 94, 5 L.Ed.2d 73 (1960). The relevant distinction is "between what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record, and what is erroneous because the person later discovers that the thing said, written or recorded was wrong. The former comes within Rule 60(a); the latter does not." *Allied Materials Corp. v. Superior Products Co.*, 620 F.2d 224, 226 (10th Cir.1980) (emphasis deleted).

Rich & Co. claims, however, that it was not the court's intent at the time it issued the September 13, 1982 order that the contempt sanction apply for the maximum eighteen-month period allowed under 28 U.S.C. § 1826. Instead, contends appellant, the court intended the sanction to apply only until March 13, 1984, *regardless* of the length of the stay. According to Rich & Co., the court made the subsequent change only to prevent it from receiving a windfall as a result of delays arising from the appeal of the September 13, 1982 order.

The record belies this contention. Judge Sand stated unequivocally at the March 13, 1984 hearing that "it was then [i.e., at the time he issued the September 13, 1982 order] the intent of the Court ... that there be a period of 18 months during which time the compulsion of the daily fine would be operative on [Rich & Co.]." In the March 14, 1984 order, Judge Sand reiterated that the court "always intended that these fines will run for a maximum period of 18 months ...." Moreover, the court's state-ment of intent is consistent with, and indeed is supported by, the specific date stated in the September 13, 1982 order—March 13, 1984—which date was exactly eighteen months after the date the contempt order was issued. Finally, even Rich & Co.'s counsel seemed to understand that the court's intent was for the sanction to continue for the full period once the stay was lifted. Notably, at the September 13, 1982 hearing, Rich & Co.'s counsel observed that the parties "agreed that the coercion should not begin until after the Circuit has spoken." Moreover, in responding to the court's query about whether Rich & Co. was requesting a stay from incurring the fine or from merely paying the fine, Rich & Co.'s counsel indicated that it was the former, drawing an analogy to a stay from imprisonment: "A stay of the imprisonment is a stay of the coercion, and that means the person doesn't go to jail; he doesn't get punished during the period of the stay. I think, although analogies are treacherous, the analogy is perfect." In short, the record indicates that it was the intent of the court (and, further, that it was understood by the parties) that the contempt sanction would apply for the full eighteen-month period after the stay was lifted. Thus, in accordance with Rule 60(a), the March 14, 1984 order merely corrected an inadvertent error "arising from oversight or omission."

■ Finally, Rich & Co. argues that the district court could not correct the September 13, 1982 order without leave from this court because the *Marc Rich II* appeal was pending herein. This argument also is without merit. The *Marc Rich II* appeal did not involve the September 13, 1982 order. Rather, in *Marc Rich II*, Rich & Co. was appealing two other orders of the district court, which orders had denied Rich & Co.'s motions to vacate the contempt sanction because of changed circumstances. *Marc Rich II*, 736 F.2d 864. By the time

---

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Judge Sand issued the March 14, 1984 order, this court already had affirmed the September 13, 1982 contempt order. *Marc Rich I*, 707 F.2d 663. Thus, there was no pending appeal as to that order and, consequently, it was not necessary for the district court to seek leave from this court to correct the order pursuant to Rule 60(a). *See* 6A J. Moore, *Moore's Federal Practice* ¶ 60.08[3], at 60–58 (2d ed. 1983) ("[i]f the application of Rule 60(a) is properly restricted to 'clerical errors' and errors arising from 'oversight or omission' then no harm will result from the correction after the appeal by the lower court without any leave being obtained from the appellate court ... particularly ... where [there are] further proceedings [in] the district court") (footnotes omitted).

We have considered appellant's other contentions and we conclude that they are without merit.

### III.  CONCLUSION

For the foregoing reasons, we affirm the order of the district court.