PANAMA PROCESSES, S.A.,
Plaintiff-Appellant,

v.

CITIES SERVICE COMPANY,
Defendant-Appellee.

No. 126, Docket 85–7374.

United States Court of Appeals,
Second Circuit.

Argued Oct. 4, 1985.

Decided May 5, 1986.

Albert I. Edelman, New York City (Martin G. Bunin, Parker Chapin Flattau & Klimpl, New York City, of counsel), for plaintiff-appellant.

James C. Blair, Cleary, Gottlieb, Steen & Hamilton, New York City, of counsel, for defendant-appellee.

Before: CARDAMONE, PIERCE, and MINER, Circuit Judges.

PIERCE, Circuit Judge:

This case presents the issue of whether a district court may amend a consent order and judgment pursuant to Fed.R.Civ.P. 60(a) after it has been affirmed on appeal. Because we hold that the court (Charles S. Haight, *Judge*) had jurisdiction to grant appellee's Rule 60(a) motion under this court's ruling in *Marc Rich & Co., A.G. v. United States*, 739 F.2d 834 (2d Cir.1984), we affirm. Familiarity with the facts as stated in prior opinions concerning the instant litigation is assumed, *see* 500 F.Supp. 787 (S.D.N.Y.1980), *aff'd*, 650 F.2d 408 (2d Cir.1981); 362 F.Supp. 735 (S.D.N.Y.1973), *aff'd*, 496 F.2d 533 (2d Cir.1974) (per curiam), and they will be repeated only briefly here.

## BACKGROUND

Prior to 1965, plaintiff-appellant Panama Processes, S.A. (PPSA), together with a subsidiary of defendant-appellee Cities Service Company (Cities), and Celanese Corporation formed a Brazilian corporation, Companhia Petroquimica Brasileira—Copebras (Copebras). In 1965, the Cities' subsidiary acquired Celanese Corporation's share in Copebras to become a majority shareholder. PPSA claims that it accepted this restructuring and its subsequent minority shareholder status only because of a letter

agreement signed by the Cities' subsidiary which set forth future investment and dividend policies of Copebras. In 1970 the subsidiary was merged into Cities, its corporate parent.

Subsequently, Copebras announced plans to borrow money which, until repayment, would restrict its payable dividends. PPSA claimed that this would violate the 1965 letter agreement and sought a declaratory judgment. The suit was dismissed by the United States District Court for the Southern District of New York (Gurfein, *Judge*) on the ground that the declaration sought was limited to the binding nature of the contract and would not resolve the issue of its interpretation. 362 F.Supp. at 738.

In 1979, PPSA filed another complaint in the United States District Court for the Southern District of New York (Haight, *Judge*), which later gave rise to this appeal, claiming that Cities breached the 1965 agreement and its fiduciary duty as majority shareholder of Copebras by employing manipulative accounting devices and through its investment policies. Judge Haight conditionally dismissed the complaint on the ground of forum non conveniens. After a careful review of the relevant factors, the district court concluded that Brazil and not New York was an appropriate forum for the action. 500 F.Supp. at 792–801. In 1980, under the court's direction, Cities filed a consent agreement which the district court retitled a Consent Judgment and Order (Consent Judgment) stating, in relevant part, that Cities:

(1) Consents to personal jurisdiction over it by any court located in the Republic of Brazil which has appropriate subject matter jurisdiction with respect to the claims raised by plaintiff Panama Processes, S.A., against defendant Cities Service Company in the complaint filed in the within action and agrees to contest on their merits any such claims raised by plaintiff in any such court;

(2) Agrees to waive any statute of limitations defense with respect to any such claims based upon facts or events which

have arisen since the commencement of the within action in this Court; and (3) Agrees to pay any final judgment which may be rendered against it in favor of Panama Processes, S.A., upon such claims by such Brazilian court, provided, however, that such agreement does not prevent Cities Service Company from pursuing any and all remedies by way of appeal which might be available to it under the statutes and regulations prevailing in the Brazilian court system.

Instead of bringing an action in Brazil, PPSA sued Cities in a state court in Oklahoma, which is Cities' principal place of business. In an order dated March 15, 1982, that court denied Cities' forum non conveniens motion stating that the court did not consider the New York district court's holding to mandate litigation only in Brazil and that the dismissal in New York was "conclusive only as to the availability of New York as a forum."

Pursuant to Fed.R.Civ.P. 60(a), (b)(5) and (b)(6), Cities then moved before Judge Haight to amend the 1980 Consent Judgment to limit the waiver of the statute of limitations to an action brought in Brazil only. In a memorandum opinion and order dated April 8, 1985, the district court, pursuant to Rule 60(a), amended paragraph two of the Consent Judgment to read that Cities:

Agrees to waive any statute of limitations defense in any subsequent action which may be filed against it by plaintiff *in Brazil* with respect to any such claims based upon facts or events which have arisen since the commencement of the within action in this Court.

(Emphasis added). The court stated that its "understanding and intent was that the phrase 'any such claims' in paragraph (2) is derived from, and mirrors, the phrase 'any such claims raised by plaintiff in any such court' in paragraph (1), which in turn refers to claims asserted in the courts of Brazil— and nowhere else." Thus, the court granted Cities motion to amend the statute of limitations waiver provision in the Consent Judgment "to make the implicit explicit

[and] so that the Court's purpose be fully implemented."

On appeal, PPSA contends that the district court lacked the jurisdiction and authority to amend the Consent Judgment because it had been affirmed by this court, and that even if jurisdiction were present, the error alleged by appellee's motion was not within the purview of Rule 60.

For the following reasons, we reject appellant's contentions and affirm the holding of the April 8, 1985 memorandum opinion and order of the district court.

## DISCUSSION

PPSA first contends that the district court had no jurisdiction to amend the statute of limitations condition in the Consent Judgment because this court affirmed that Judgment on appeal. Appellant argues that the district court had no power to entertain a Rule 60 motion because a lower court may not deviate from the mandate issued by an appellate tribunal. Thus, appellant claims, the conditions as stated in the Consent Judgment are the "law of the case" and cannot be changed by the district court.

This court's decision in *Marc Rich*, 739 F.2d 834, makes clear that the fact that a judgment has been reviewed on the appellate level does not preclude action pursuant to an appropriate Rule 60 motion. In *Marc Rich*, the district court was permitted under Rule 60(a) to correct an ambiguity in its original order to ensure that a contemnor would be under the compulsion of a daily fine for a period of eighteen months. The court's original contempt order stated that a sanction for failure to comply with a subpoena would run until compliance, the expiration of the Grand Jury term or March 13, 1984, eighteen months from the date of the order. The court stayed the imposition of the fine pending appellate review. The order was affirmed on May 4, 1983; however, due to motions by the contemnor to vacate the sanction, the order had not been in effect for eighteen months by March 13, 1984. At that time, Marc Rich & Co. informed the court that it con-

sidered the sanction terminated under the terms of the order. The district court granted the government's Rule 60(a) motion to amend the order "to make clear that the original order contemplated a full eighteen months of sanctions." 739 F.2d at 836.

This court affirmed the district court's action and held that Rule 60(a) "permits the correction not only of clerical mistakes, but also of inadvertent errors 'arising from oversight or omission.'" *Id.* The court reviewed the district court record and concluded that the amendment was not the result of a "new and subsequent intent of the court," but rather reflected its "'contemporaneous intent.'" *Id.* at 837 (quoting *Jackson v. Jackson*, 276 F.2d 501, 523 (D.C. Cir.), *cert. denied*, 364 U.S. 849, 81 S.Ct. 94, 5 L.Ed.2d 73 (1960)). Although Rule 60(a) requires a district court to seek leave in order to amend its judgment during a pending appeal, the *Marc Rich* court ruled that the fact that an appeal was pending in the case did not require the district court to seek leave to amend since the appeal itself did not involve the order amended, and *"this court already had affirmed the ... contempt order,"* *Marc Rich*, 739 F.2d at 838 (emphasis added).

Appellant seeks to distinguish *Marc Rich* on the ground that there were further proceedings to be conducted in the district court in that case, while here there are no such proceedings. *See id.* (no leave to amend required after appeal "'particularly ... where [there are] further proceedings [in] the district court'") (quoting 6A J. Moore, *Moore's Federal Practice* ¶ 60.08[3] at 4073 (2d ed. 1971)). PPSA also claims that *Marc Rich* is inapposite because the appellate court only decided the issue of personal jurisdiction and not the length of time of the contempt order. Appellant argues that here, by contrast, the Second Circuit panel "recited and considered" the conditions imposed on the dismissal.

█ We must reject appellant's efforts to so distinguish its case and we decline to adopt appellant's proposal that a district

court can never amend its order if there are no further proceedings before that court. Such a posture would not preclude amendment here in any event where the forum non conveniens dismissal was conditional and where the district court retained jurisdiction to reinstate the case in the event of breach of the conditions set forth in its Consent Judgment. *See Calavo Growers v. Generali Belgium,* 632 F.2d 963, 968 (2d Cir.1980), *cert. denied,* 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981). Furthermore, we decline to so limit an appropriate Rule 60(a) amendment in the manner suggested by the appellant. The rule explicitly allows the district court to correct clerical mistakes or errors arising from oversight or omission. The focus of the inquiry should be whether the correction is of the type contemplated by the rule. As long as the appellate court has not expressly or implicitly ruled on the issue, the district court has not transgressed any jurisdictional boundaries by amending after an appeal has been taken. *See Dura-Wood Treating Co. v. Century Forest Industries, Inc.,* 694 F.2d 112, 114 & n. 2 (5th Cir.1982); *Eutectic Corp. v. Metco Inc.,* 597 F.2d 32, 34 (2d Cir.1979) (per curiam); *United States v. Cirami,* 563 F.2d 26, 32–33 (2d Cir.1977); *see also* Advisory Committee Notes to Fed.R.Civ.P. 60(a) (1946 amendment to allow correction after docketing of appeal by leave to amend meant to overrule cases which prohibited such amendments); J. Moore *supra* ("district court should also have the power to correct clerical mistakes even where the mandate of the appellate court finally disposes of the action"); 11 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2856 at 157 (1973) ("may be wondered why leave [to amend] should be necessary [after appeal] if the mistake is truly a clerical one rather than one going to the merits of the case").

■ We further reject the appellant's formulation that the appellate court in *Marc Rich* did not rule on the issue amended while the appellate court here did consider the statute of limitations condition. In the first appeal in *Marc Rich,* the panel

primarily considered the issue of the court's jurisdiction to issue the contempt order; however, that opinion also noted that "the coercive fine of $50,000 per day did not constitute an abuse of the district court's discretion." *Marc Rich & Co., A.G. v. United States,* 707 F.2d 663, 670 (2d Cir.), *cert. denied,* 463 U.S. 1215, 103 S.Ct. 3555, 77 L.Ed.2d 1400 (1983). Similarly, the appellate court in reviewing the Consent Judgment here primarily discussed the propriety of the forum non conveniens dismissal; in referring to the district court's order, the court merely noted the conditions of dismissal. *See Panama Processes,* 650 F.2d at 414. Thus, appellant's assertion that the court considered the conditions on appeal either explicitly or implicitly is without foundation. While it is true that issues considered and disposed of by an appellate court on appeal cannot thereafter be altered by a district court, *see Briggs v. Pennsylvania R. Co.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948); *Eutectic Corp.,* 597 F.2d at 34; *Gulf Coast Building and Supply Co. v. International Brotherhood of Electrical Workers,* 460 F.2d 105, 107 (5th Cir.1972), it may consider matters not explicitly or implicitly decided, *Cirami,* 563 F.2d at 32–33; *see Standard Oil Co. v. United States,* 429 U.S. 17, 18, 97 S.Ct. 31, 32, 50 L.Ed.2d 21 (1976) (per curiam). We therefore reject the contention that the district court was without jurisdiction to amend the Consent Judgment.

The district court's amendment was properly within the scope of Rule 60(a) which speaks of clerical mistakes or errors arising from oversights or omissions. "The relevant distinction is 'between what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record, and what is erroneous because the person later discovers that the thing said, written or recorded was wrong. The former comes within Rule 60(a); the latter does not.'" *Marc Rich,* 739 F.2d at 837 (quoting *Allied Materials Corp. v. Superior Products Co.,* 620 F.2d 224, 226 (10th Cir.1980)). *Compare id.* and

*Stovall v. Illinois Central Gulf R. Co.,* 722 F.2d 190, 192 (5th Cir.1984) *with Eutectic Corp.,* 597 F.2d at 34 and *Bershad v. Mc-Donough,* 469 F.2d 1333, 1336 (7th Cir. 1972) and *Blankenship v. Royalty Holding Co.,* 202 F.2d 77, 79 (10th Cir.1953). In making this determination, reviewing courts primarily look to the contemporaneous intent of the district court as evidenced by the record. *See, e.g., Marc Rich,* 739 F.2d at 837; *Morse Boulger Destructor Co. v. Camden Fibre Mills,* 239 F.2d 382, 383 (3d Cir.1956); *Blankenship,* 202 F.2d at 79–81.

In this case, it is clear that the court intended the statute of limitations waiver to apply only to an action brought in Brazil. This conclusion is butressed by a review of the court's opinion which extensively compares Brazil to New York as a forum for purposes of discovery; location of the evidence; the nature of appellant's claims; the respective communities' interest in the litigation; the difficulty of applying Brazilian law; the enforceability of the judgment; the fact that such a judgment would involve the court in continuous monitoring of the operations of a foreign corporation; and the minimal contacts of New York with the litigation. *See Panama Processes,* 500 F.Supp. at 792–99. While the court was not oblivious to the interest of Oklahoma in the litigation, *see id.* at 797, 799, the court focused most of its attention in weighing the factors of a forum non conveniens dismissal on Brazil as the alternative forum. It is in this context that we must view the Consent Judgment which mirrors the court's own language as set forth in a supplemental opinion and order. *See id.* at 802.

Moreover, it is evident from the face of the Consent Judgment itself that the statute of limitations waiver in paragraph two refers to an action filed in Brazil as delineated in the other two paragraphs of the Judgment. In addition, the district court clearly contemplated that the case would be tried in Brazil or that the parties would return to seek reinstatement of the action in New York. This is further evidence that the district court intended the waiver of the statute of limitations to apply to a suit in Brazil. *See id.* at 801 ("The complaint will be dismissed on the basis of forum non conveniens, on condition that Cities consents to the jurisdiction of the Brazilian courts, and *consistent with that consent,* contests the issues on the merits. If it should subsequently appear that Cities has failed to abide by that condition, Panama may apply for reinstatement of the action here." (Emphasis added)). Unlike the cases cited by the appellant, the court has not amended its order to include an afterthought. *See, e.g., Briggs,* 334 U.S. at 306, 68 S.Ct. at 1040 (post-judgment interest); *Hoffman v. Celebrezze,* 405 F.2d 833, 834 (8th Cir.1969) (deleted interest provision under Fed.R.Civ.P. 60(b)); *United States v. Cato Brothers, Inc.,* 273 F.2d 153, 154 (4th Cir.1959) (reduced judgment prescribed by statute pursuant to Fed.R.Civ.P. 60(b)(6)); *Blankenship,* 202 F.2d at 78 (changed "dismissal" to "dismissal without prejudice"); *Home Indemnity Co. v. O'Brien,* 112 F.2d 387, 388 (6th Cir.1940) (added pre-judgment interest after affirmance), *rev'd on other grounds,* 429 U.S. at 18, 97 S.Ct. at 32 (1976).

Finally, we agree with appellee that there is no bar to limiting a statute of limitations waiver to a particular forum found to be more convenient. *See, e.g., Calavo,* 632 F.2d at 968; *Schertenleib v. Traum,* 589 F.2d 1156, 1163, 1166 (2d Cir. 1978); *Fitzgerald v. Texaco, Inc.,* 521 F.2d 448, 449 (2d Cir.1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 485 (1976); *Abouchalache v. Hilton International Co.,* 464 F.Supp. 94, 99 (S.D.N.Y. 1978), *aff'd mem. sub nom. Collins v. Hilton International Co.,* 628 F.2d 1344 (2d Cir.1980).

We hold that the district court had the authority to amend the Consent Judgment under Rule 60(a) and that the amended Judgment reflected the court's original intent that the statute of limitations waiver provision be restricted to actions filed in Brazil only.

Affirmed.