**DIGICOURSE, INC.**

v.

**AMA DISTRIBUTORS, INC., et al.**

Civ. A. No. 82–3433.

United States District Court,
E.D. Louisiana.

Sept. 26, 1986.

Paul J. Hayes, Weingarten, Schurgin, Gagnebin & Hayes, Boston, Mass., Miles P. Clements, Lemle, Kelleher, Kohlmeyer & Mathews, New Orleans, La., for plaintiff.

Hershel L. Abbott, Jr., and James P. Browning, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., James R. Uhlir, Christensen, O'Connor, Johnson & Kindness Seattle, Wash., for defendant.

## MEMORANDUM OPINION

MENTZ, District Judge.

The Court has reviewed the memoranda of counsel, the record of this case both in this Court and on appeal, as well as the case of *Moeller v. Ionetics, Inc.*, 794 F.2d 653 (Fed.Cir.1986). Based on these considerations, the Court is of the opinion that oral argument is unnecessary, and renders its opinion herein.

On December 31, 1984, this Court granted defendant's motion for summary judgment of non-infringement. On February 26, 1986, the United States Court of Appeal for the Federal Circuit *affirmed* this decision. 790 F.2d 93. On June 4, 1986, the Court of Appeal rendered an opinion in

*Moeller*, supra. Finally, the U.S. Supreme Court denied review in the present matter.

Plaintiff now asks this Court for relief from judgment in light of the decision in the *Moeller* case, pursuant to Fed.R.Civ. Pro. 60(b)(6). To do so, the plaintiff would have this Court give the *Moeller* case far greater import than it deserves, or that was intended. *Moeller* involved a situation wherein the patent dispute revolved around a complex electrode system. The CAFC found that the district court had abused its discretion by not allowing expert testimony. In that case, the use of such expert testimony (a form of extrinsic evidence) was necessary to reach a proper conclusion. As it was not introduced, a grant of summary judgment was held to be improper.[1]

Specifically, the court stated that

In deciding whether to grant summary judgment, we do not think that the district court was justified in treating the interpretation of these claims as so "simple" that the question could be resolved without expert testimony. In our view, the district court's finding of infringement rested on an interpretation of the claim that, looking just at the literal language used, cannot stand.

Quite simply, the Court felt that the district court should have heard the testimony of an expert before determining whether there was a genuine issue of material fact. *Nowhere* in the *Moeller* opinion does the CAFC mandate that resort to expert testimony must be had before a grant of summary judgment. *Nowhere* is it stated that, as the plaintiff would have this Court believe, summary judgment cannot be granted if the district court refers to the specification history.

■ The Court agrees with the defendant that "Plaintiff's interpretation of the *Moeller* case raises the art of obfuscation to a new high." Rather than trailblazing new territory in the vast expanse of patent law, the CAFC was merely articulating the concise and simple rule outlined above. If the complexity of the device(s) in question requires resort to expert testimony to ascertain "how those skilled in the art would interpret the claim,"[2] then it is an abuse of discretion for the district court not to do so. The CAFC noted, as is logical, that when resort to such evidence results in a factual dispute, then a grant of summary judgment would be improper.

■ In the case at bar, however, that issue is not present. This Court determined, and the CAFC agreed, that there were no disputed issues of material fact. The opening paragraph of the CAFC opinion in this case dispenses with the claim asserted by the plaintiff on this motion.

This Court also feels constrained to add that, even if the plaintiff's interpretation of *Moeller* were adopted, that would not entitle the plaintiff to the remedy sought.

■ The Court agrees with the defendant that the "law of the case" precludes relitigation of the determination of non-infringement made by this Court, affirmed by the appellate court, and to which review was denied by the Supreme Court. However, this Court notes that, under a 60(b)(6) motion, a change in the applicable law *may* dictate relief, provided the change amounts to "extraordinary circumstances." *Dickinson v. Auto Center Mfg. Co.*, 733 F.2d 1092 (5th Cir.1983), *Wilson v. Fenton*, 684 F.2d 249 (3rd Cir.1982). Nonetheless, the Court does not deem the *Moeller* case (even assuming plaintiff's view of it as correct) to amount to such an exceptional level. Further, the plaintiff has had ample opportunity to have his claim litigated, and the need for this arduous litigation to terminate is manifest. *Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32 (2nd Cir.1979).

Lastly, the Court has considered defendant's request for costs and attorney fees resulting from plaintiff's motion. Al-

---

**1.** The Court notes, although not relevant to the present motion or to the CAFC opinion in this case, that a special master, G. Fred Liebkmann, was appointed to assist this Court.

**2.** *Moeller* at 657.

though the Court views the plaintiff's motion as meritless, it was not frivolous to the degree that such sanctions should be awarded. The Court hastens to add, however, that the plaintiff's representations regarding the *Moeller* case and the manner in which quotations were extracted are of questionable propriety. Yet, they fall (albeit barely), within the bounds of acceptable advocacy. Accordingly,

IT IS ORDERED that:

(1) The plaintiff's motion for relief from judgment is hereby DENIED.

(2) The defendant's request for costs and fees is also DENIED.