**Barney QUILTER, et al.,**

v.

**George V. VOINOVICH, et al.**

**No. 5:91 CV 2219.**

United States District Court,
N.D. Ohio,
Eastern Division.

March 31, 1994.

---

Timothy F. Scanlon, Scanlon & Gearinger, Akron, OH, Armistead W. Gilliam, Jr., Ann Wightman, Faruki, Gilliam & Ireland, Dayton, OH, for plaintiffs except William L. Mallory.

Timothy F. Scanlon, Scanlon & Gearinger, Akron, OH, Thomas I. Atkins, Sr., Brooklyn, NY, Armistead W. Gilliam, Jr., Ann Wightman, Laura A. Sanom, Faruki, Gilliam & Ireland, Dayton, OH, for William L. Mallory.

Orla Ellis Collier, III, Norton Victor Goodman, James F. DeLeone, Mark D. Tucker, Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, Charles M. Rosenberg, Maynard A. Buck, III, Jeremy Gilman, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, for George V. Voinovich, Stanley J. Aronoff, Robert A. Taft, II.

Charles M. Rosenberg, Maynard A. Buck, III, Jeremy Gilman, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, for James R. Tilling.

Jack Gregg Haught, Andrew S. Bergman, Office of the Atty. Gen., Columbus, OH, for State of Ohio.

Lawrence A. Kane, Jr., Dinsmore & Shohl, Cincinnati, OH, special master.

Armistead W. Gilliam, Jr., Ann Wightman, Faruki, Gilliam & Ireland, Dayton, OH, for intervenor-plaintiff Paul Mechling, Mary Abel, Ronald Gerberry, Richard Cordray.

Before: JONES, Circuit Judge; CELEBREZZE, Senior Circuit Judge; and DOWD, District Judge.

### OPINION AND ORDER

NATHANIEL R. JONES, Circuit Judge.

Before this court is the Motion of Plaintiffs for Leave to File a Second Amended Complaint. For the following reasons, the motion is granted.

### I

This case is on remand from the United States Supreme Court, which, in *Voinovich v.*

*Quilter*, ── U.S. ──, 113 S.Ct. 1149, 122 L.Ed.2d 500 (1993), resolved three issues concerning the defendants' plan that reapportioned Ohio's state legislative districts pursuant to 1990 census data. First, the Court held that the plan does not violate the protection against race-based vote dilution in § 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973. *Id.* at ── ──, 113 S.Ct. at 1154–58. Second, the Court held that the plan does not violate the Fifteenth Amendment to the Constitution. *Id.* at ──, 113 S.Ct. at 1158. Third, the Court found that the plaintiffs had stated a *prima facie* case of population-based vote dilution in violation of the Equal Protection Clause of the Fourteenth Amendment, and instructed this court to further consider that issue. *Id.* at ──, 113 S.Ct. at 1159. The court then remanded the case "for further proceedings in conformity with this opinion." *Id.* at ── ── ──, 113 S.Ct. at 1159–60. We resolve the third issue in a separate opinion filed today.

Several months after its *Voinovich* decision, the Court decided the important districting case *Shaw v. Reno*, ── U.S. ──, 113 S.Ct. 2816, 125 L.Ed.2d 511 (1993). *Shaw* held for the first time that a plaintiff can state a claim under the Equal Protection Clause by alleging that a districting plan reflects "an effort to segregate voters into separate voting districts because of their race, and that the separation lacks sufficient justification." *Id.* at ──, 113 S.Ct. at 2832. As the Court stated:

Racial gerrymandering, even for remedial purposes, may balkanize us into competing racial factions; it threatens to carry us further from the goal of a political system in which race no longer matters—a goal that the Fourteenth and Fifteenth Amendments embody, and to which the Nation continues to aspire. It is for these reasons that race-based districting by our state legislatures demands close judicial scrutiny.

── U.S. at ──, 113 S.Ct. at 2832. In their initial submissions to this court on remand, the parties discussed *Shaw* 's applicability to this case, and in a December 22, 1993 Order we requested that the parties comment further on the applicability of *Shaw.* At this juncture, the plaintiffs submitted the instant motion to amend their complaint to plead the *Shaw* issue, and they have filed a complaint that is amended accordingly. The defendants oppose this motion.

## II

The plaintiffs' first amended complaint alleged that the apportionment plan violated the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the Constitution. ── U.S. at ──, 113 S.Ct. at 1153. As the Court described the allegations:

According to the appellees, the plan "packed" black voters by creating districts in which they would constitute a disproportionately large majority. This, appellees contended, minimized the total number of districts in which black voters could select their candidate of choice. In appellees' view, the plan should have created a larger number of "influence" districts—districts in which black voters would not constitute a majority but in which they could, with the help of a predictable number of crossover votes from white voters, elect their candidates of choice.

*Id.* In the earlier proceedings before this panel, both parties produced volumes of information dealing with the boundaries, populations, and racial composition of Ohio's legislative districts. The parties explicitly raised the issue of racial gerrymandering, albeit in the context of alleging violations of the Fifteenth Amendment and the Voting Rights Act rather than of the Fourteenth Amendment. The issues tried thus included those implicated in *Shaw.* As the plaintiffs' claims are so closely related to the racial gerrymandering concerns in *Shaw*, we feel confident that had *Shaw* been decided before this case was initiated, the plaintiffs would have alleged a violation of the cause of action that that case establishes. Defendants argue that the Court's remand order and Federal Rule of Civil Procedure 15(b) prohibit us from allowing the plaintiffs to amend their complaint, but in fact both permit us to do so.

■ *A. The Scope of the Remand.* It is established law that "[w]hile a mandate is controlling as to matters within its compass, on the remand a lower court is free as to

other issues." *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979) (quotation omitted) (citing *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939)). This is known as the "mandate rule." *See Jones v. Lewis,* 957 F.2d 260, 262 (6th Cir.) (under the "mandate rule," a district court on remand "may consider those issues not decided expressly or impliedly by the appellate court or a previous trial court."), *cert. denied,* —— U.S. ——, 113 S.Ct. 125, 121 L.Ed.2d 80 (1992).[1]

Under the mandate rule, we may not reconsider the issues decided by the Supreme Court, which are laid out above. This is the relevant point made by the cases, cited by the defendants, which hold that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pennsylvania R.R. Co.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948). However, the case law nevertheless allows us to consider issues which have not been decided. In this case, the Court expressly abstained from passing upon the type of Equal Protection Clause issue discussed in *Shaw,* because plaintiffs did not plead it nor did this court reach it in its earlier decision:

> Appellees' complaint does not allege that the State's conscious use of race in redistricting violates the Equal Protection Clause; the District Court below did not address the issue; and neither party raises it here. Accordingly, we express no view on how such a claim might be evaluated.

—— U.S. at ——, 113 S.Ct. at 1157. Thus, the Court's mandate does not prohibit us from considering that issue on remand.

The defendants stress that at one point in its opinion, the Court stated that it was remanding "only" for further proceedings on the population deviation issue. *Id.* at ——, 113 S.Ct. at 1154. This statement, which comes at the end of the opinion's introductory section in which the Court summarizes the facts of the case, appears to indicate simply that the Court is remanding only the population claim and not the Voting Rights Act or Fifteenth Amendment ones. Though it is presumably within the Court's power to order us not to consider any other issues, this one-time use of the word "only" does not demonstrate that it meant to do so.

Because certiorari in *Shaw* had been granted before the Court's decision in this case, and because the oral argument in this case touched on the *Shaw* issue, the defendants also argue that it is meaningful that the Court could have discussed the *Shaw* issue but chose not to. However, these circumstances are irrelevant. The fact is that the Court did not expressly or impliedly resolve the issue that the plaintiffs' wish to allege, so we are not foreclosed from considering it.

**B.** *Federal Rule of Civil Procedure 15(b).* Rule 15(b) allows an amendment of pleadings that is necessary to cause them to conform to the issues that have been tried. Moreover, the Rule instructs that a court "shall [allow an amendment] freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits."[2] The defendants argue

---

**1.** *See also Pan–Pacific v. Pacific Union Co.,* 987 F.2d 594, 596 (9th Cir.1993) ("The district court may not reconsider matters decided by us on the first appeal, but it may address any issue that we did not dispose of either expressly or impliedly."); *Hester v. International Union of Operating Engineers,* 941 F.2d 1574, 1581 n. 9 (11th Cir.1991) (quotation omitted) ("Notwithstanding the law of the case doctrine, a district court on remand is free to address, as a matter of first impression, those issues not disposed of on appeal."); *Rutherford v. United States,* 806 F.2d 1455, 1459–60 (10th Cir.1986); *Panama Processes v. Cities Service Co.,* 789 F.2d 991, 994 (2d Cir.1986).

**2.** Rule 15(b) provides:

> **(b) Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the

**40**

that it would be an abuse of discretion for this court to allow an amendment at this stage of the proceedings. They claim that it is well-established under *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1258–59 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2889, 115 L.Ed.2d 1054 (1991), that it is an abuse of discretion for a court to amend a complaint late in the proceedings. However, *Prather* prohibited the amending of a complaint only because doing so in that case would be highly prejudicial to the defendant. Here, we do not think the defendants would be prejudiced by the amending. The following considerations assure us that justice demands that we allow the complaint to be amended.

First, the *Shaw* claim is closely linked to the earlier proceedings, such that the relevant facts have already been developed and the issues were in part explored in the earlier hearing.[3] The future litigation burden is correspondingly reduced, and this case involves competent . attorneys on both sides who can easily make the adjustment to representing their clients with respect to the *Shaw* issue. Second, the contours of the cause of action established in *Shaw* were unclear until the issuance of the opinion in that case, so it is unfair for us to have expected the plaintiffs to have specifically articulated the issue earlier. Due to the closeness of the issues, we feel that the fact that *Shaw* had not yet been decided is the only reasonable explanation for why the plaintiffs did not make the specific claim previously. As just one example, the Plaintiffs' Proposed Findings of Fact, submitted prior to our earlier decision, contains a fourteen-page argument under the heading "1991 Plan Violates Ohio Constitution as a Result of Race Conscious Gerrymandering." R. —— at 114–28. We must assume that the plaintiffs would have alleged racial gerrymandering in violation of the Fourteenth Amendment as well, had such a cause of action been recognized.

If the plaintiffs have a meritorious constitutional claim here under *Shaw*, it would be unfair in the extreme for that challenge to go unheard simply because *Shaw* was decided after the complaint was filed. We therefore GRANT the plaintiffs' motion for leave to file a second amended complaint.

**IT IS SO ORDERED.**

DOWD, District Judge, dissenting.

In my view, the recent decision of *Shaw v. Reno*, —— U.S. ——, 113 S.Ct. 2816, 125 L.Ed.2d 511 (1993) dealing with Congressional redistricting for the State of North Carolina is anchored in a factual situation strikingly dissimilar to the reapportionment of Ohio for its General Assembly. As a consequence, I would deny the motion of the plaintiffs to file a second amended complaint. Accordingly, I respectfully dissent.

---

pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the

merits. The court may grant a continuance to enable the objecting party to meet such evidence.

3. In fact, the defendants' claim that the Supreme Court oral argument touched on the *Shaw* issue shows how closely linked the issues are.