Thomas J. **JEFFREYS,** Plaintiff–Appellant,

v.

**UNITED TECHNOLOGIES CORPORATION, Sikorsky Aircraft Division,** Defendant–Appellee.

Docket No. 02–9278.

United States Court of Appeals, Second Circuit.

July 7, 2003.

Thomas J. Jeffreys, Waterbury, CT, for Appellant, pro se.

Edward J. Dempsey, United Technologies Corporation, Hartford, CT, for Appellee.

PRESENT: MCLAUGHLIN, B.D. PARKER, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

**At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 7th day of July, two thousand and three,**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Thomas J. Jeffreys appeals from a judgment of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*) denying his motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Jeffreys sought reconsideration of the District Court's award of summary judgment to defendant-appellee United Technologies Corporation, Sikorsky Aircraft Division ("Sikorsky") on claims that Jeffreys had brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The District Court had granted summary judgment to Sikorsky in August 1999, and we affirmed that judgment on direct appeal. *Jeffreys v. United Techs. Corp.,* 242 F.3d 365, 2000 WL

1835869, (2d Cir. Dec.13, 2000) (table), *cert. denied,* 534 U.S. 1092, 122 S.Ct. 837, 151 L.Ed.2d 716 (2002). Jeffreys filed his Rule 60(b) motion in October 2002, and the District Court summarily denied the motion. On appeal, Jeffreys contends that the District Court erred in concluding, in its original summary judgment decision, that his injuries did not qualify as a disability under the Americans with Disabilities Act.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *See, e.g., Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998). Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Jeffreys filed his Rule 60(b) motion more than three years after the judgment in favor of Sikorsky had been entered (and nearly two years after we had affirmed the judgment of the District Court). To the extent Jeffreys relies on Rule 60(b)(1), (2), or (3), his motion is clearly untimely, as it was filed "more than one year after the judgment … was entered." Jeffreys's motion is also untimely to the extent it relies on Rule 60(b)(4), (5), or (6), as a motion filed more than three years after entry of judgment, absent mitigating circumstances, has not been filed "within a reasonable time." *See Kellogg v. Strack,* 269 F.3d 100, 104 (2d Cir.2001) (per curiam) (holding that period of twenty-six months between entry of judgment and filing of Rule 60(b) motion "constitutes a patently unreasonable delay"); *Rodriguez v. Mitchell,* 252 F.3d 191, 201 (2d Cir. 2001).

Even if Jeffreys's motion had been timely filed, the District Court's denial of it would not have been an abuse of discretion, as Jeffreys impermissibly sought to re-litigate issues that we had already considered and disposed of in his first appeal. *See Panama Processes, S.A. v. Cities Serv. Co.,* 789 F.2d 991, 994 (2d Cir.1986) (stating that "issues considered and disposed of by an appellate court on appeal cannot thereafter be altered by a district court"); *see also Eutectic Corp. v. Metco, Inc.,* 597 F.2d 32 (2d Cir.1979) (per curiam). The District Court acted well within its discretion in denying Jeffreys's Rule 60(b) motion.

Accordingly, the judgment of the District Court is AFFIRMED.