11-4217-cv
Searles v. City of Beacon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT:  BARRINGTON D. PARKER,
          REENA RAGGI,
          GERARD E. LYNCH,
                    *Circuit Judges*.

-----------------------------------------------------------------------
DANIEL SEARLES,
                    *Plaintiff-Appellant*,

              v.                                      No. 11-4217-cv

CITY OF BEACON, FRANK POMPILIO,
                    *Defendants-Appellees*.
-----------------------------------------------------------------------

FOR APPELLANT:          Daniel Searles, *pro se*, Phoenix, Arizona.

FOR APPELLEES:          Chad L. Klasna, Christopher G. Fusco, Callahan & Fusco, LLC, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 9, 2010, is AFFIRMED.

Plaintiff Daniel Searles appeals pro se from the dismissal of his Fed. R. Civ. P. 60(b) motion for relief from a judgment entered upon settlement after a jury verdict in his favor on claims pursued under 42 U.S.C. § 1983. We review de novo a dismissal for lack of subject matter jurisdiction insofar as it raises questions of law. See Maloney v. Soc. Sec. Admin., 517 F.3d 70, 74 (2d Cir. 2008). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Searles contends that the district court erred as a matter of law in holding that this court's September 9, 2010 dismissal of his appeal from the settlement judgment pursuant to 28 U.S.C. § 1915(e) for lack of "an arguable basis in law or fact," Order, Searles v. Beacon, 10-1058-cv, deprived the district court of jurisdiction to hear a Rule 60(b) challenge to the same judgment. In support, he cites Denton v. Hernandez, 504 U.S. 25, 34 (1992) ("[A] § 1915[e] dismissal is not a dismissal on the merits . . . ."). Denton affords Searles no relief because it held only that the § 1915(e) dismissal of a pro se complaint did not "prejudice the filing of a paid complaint making the same allegations." Id. Denton nowhere suggested that a § 1915(e) dismissal of an appeal from judgment allows a pro se litigant to challenge the judgment pursuant to Rule 60(b). On that point, the law in this circuit is clear: "a district court does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion."

2

DeWeerth v. Baldinger, 38 F.3d 1266, 1270 (2d Cir. 1994) (citing Eutectic Corp. v. Metco, Inc., 597 F.2d 32 (2d Cir. 1979) (per curiam)).  Implicit in this court's § 1915 dismissal of Searles's appeal from the settlement judgment is a determination that he was bound by the settlement that he now challenges.  See generally id. at 1271 (holding that Rule 60(b) jurisdiction is lacking for appeals raising issues "decided either explicitly or by necessary implication by this court").

In such circumstances, a party may pursue a Rule 60(b) motion only if "later events arise that were not previously considered by the appellate court."  Id. at 1270 (internal quotation marks omitted); see also Fine v. Bellefonte Underwriters Ins. Co., 758 F.2d 50, 52 (2d Cir. 1985) (holding that district court correctly determined that it did not have jurisdiction to consider Rule 60(b) motion after appellate decision because movant cited no "material change of circumstances" or new evidence).  As Searles's Rule 60(b) motion was not based on new evidence or changed circumstances, the district court correctly ordered dismissal for lack of jurisdiction.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3