GLD-092                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2143
_____

THOMAS DAVIS,
                              Appellant

v.

THE COUNTY OF ALLEGHENY, and its Agencies;
OFFICE OF THE DISTRICT ATTORNEY;
OFFICE OF PUBLIC DEFENDER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-cv-00415)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 20, 2011
Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: February 11, 2011)
_____

OPINION
_____

PER CURIAM

       Thomas Davis, a prisoner in Pennsylvania, appeals from the District Court's order

granting the Defendant-Appellees' motion for judgment on the pleadings.  For the

reasons that follow, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

I

In 1990, Davis was arrested and charged with committing several robberies in Pittsburgh. According to Davis, who was represented at trial by the Office of the Public Defender, he entered into an informal agreement with the prosecution that he would postpone his trial so DNA testing could be performed on a cigarette butt left by the perpetrator at one of the crime scenes. It was his understanding that, if the test showed that he was not the perpetrator, all charges would be dropped. It appears that the DNA test was either inconclusive or exculpatory and, although Davis was acquitted of two counts of robbery -- presumably based on the results of the DNA test -- he was ultimately convicted of four other robbery charges and received an aggregate sentence of 14 to 28 years' imprisonment.

Davis has since filed numerous unsuccessful challenges to his conviction in state and federal court.[1] In April 2009, Davis filed in the District Court a complaint under 42 U.S.C. § 1983, alleging that the prosecution improperly reneged on its promise to drop the charges against him based on the results of the DNA test, and challenging the Defendant-Appellees' alleged policy of engaging in informal agreements that violate

---

[1] Davis has filed as many as 20 PCRA petitions in state court, and six petitions for relief in the District Court. The six prior federal habeas cases are: Davis v. Beard, W.D. Pa. Civ. No. 08-cv-01724 (dismissed); Davis v. Beard, W.D. Pa. Civ. No. 08-cv-00441 (dismissed as second or successive), certificate of appealability denied, C.A. No. 08-2805 (order entered October 28, 2008); Davis v. Stowitzky, W.D. Pa. Civ. No. 06-cv-01086 (dismissed as untimely); Davis v. Walters, W.D. Pa. Civ. No. 00-cv-00884 (transferred to this Court and dismissed as second or successive); Davis v. Walters, W.D. Pa. Civ. No. 97-cv-00629; and Davis v. Chesney, W.D. Pa. Civ. No. 93-cv-01217.

defendants' rights.[2] Davis filed a motion for summary judgment, and the Defendants filed a motion for judgment on the pleadings. The District Court granted the Defendants' motion over Davis's objections. Davis then filed a motion for additional findings, which the District Court construed as a motion for reconsideration. Davis's motion was denied, and he filed a timely notice of appeal.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Davis is proceeding *in forma pauperis*, we must dismiss the appeal if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also § 1915(e)(2). We exercise plenary review over an order granting a Motion to Dismiss under Federal Rule of Civil Procedure 12(c), and, "as with reviewing the grant of a Motion to Dismiss under [Rule] 12(b)(6), we view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002). "[J]udgment should not have been granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." Id. We review the denial of a motion to reconsider for abuse of discretion. See Caver v. Trenton, 420 F.3d 243, 258 (3d Cir. 2005).

---

[2] Based on Davis's filings, the District Court characterized the challenged agreements as "plea agreements." However, it is not clear from the record that Davis ever entered into a plea agreement, formal or informal. It appears that he was convicted after a trial. Nevertheless, we agree with the District Court's overall assessment of Davis's complaint, i.e., he believes an agreement with the prosecution was unfairly breached, and that this breach was representative of an ongoing practice by the District Attorney

3

A plaintiff may not pursue a claim under § 1983 that calls into question the validity of his conviction unless he demonstrates that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). As the District Court reasoned, to the extent that Davis's challenge to the Allegheny County District Attorney's policy calls into question the validity of his conviction, Heck bars Davis's claims.

To the extent that Davis's complaint raises arguments that do not implicate the validity of his conviction, his claims are time-barred. In § 1983 cases, federal courts apply the state personal injury statute of limitations, which is two years in Pennsylvania. See Smith v. Holtz, 87 F.3d 108, 111 & n.2 (3d Cir. 1996); 42 Pa. Cons. Stat. Ann. § 5524 (West 2004). "A [§] 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. of Delaware v. Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). The District Court reasoned that, although Davis was aware that the prosecution had breached its agreement as early as March 2, 1990, he did not file the § 1983 complaint until 2009. His complaint was therefore clearly untimely, and he demonstrated no reason to toll the statute of limitations.

In his motion for reconsideration, Davis contended that he was not effectively made aware that he was exonerated of some of the robbery charges until December 2009,

in Allegheny County.

4

thus entitling him to tolling of the statute of limitations.  His contention is belied by the fact that he filed his complaint eight months before the "fraudulent concealment" of his acquittal was allegedly uncovered.[3]  At a minimum, by the time he was sentenced in 1992, Davis should have been aware that he had been acquitted of some of the charges against him, yet he failed to file a § 1983 complaint until 17 years later.  We perceive no abuse of discretion in the District Court's rejection of Davis's motion for reconsideration.

Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[3]  Moreover, the DNA evidence and Davis's related acquittal were the subject of more than one of his prior federal habeas petitions.