**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2962
_____

THOMAS DAVIS,
                              Appellant

v.

THE COUNTY OF ALLEGHENY, and its agencies; OFFICE OF DISTRICT
ATTORNEY; OFFICE OF PUBLIC DEFENDER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00794)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2018
Before:  CHAGARES, BIBAS, and GREENBERG, Circuit Judges

(Opinion filed: January 23, 2019)
_____

OPINION*
_____

PER CURIAM

Thomas Davis appeals the District Court's order granting Appellees' motions to

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismiss.[1]  For the following reasons, we will affirm.

Writing primarily for the parties, who are familiar with the record in this case, we review only those facts that are especially pertinent to our analysis.  In 1990, Davis was arrested, charged, and ultimately convicted of committing several robberies in Pittsburgh.  During his time in prison, Davis filed numerous unsuccessful challenges to his conviction in state and federal court.  In April 2009, Davis filed a complaint under 42 U.S.C. § 1983, alleging that the prosecution improperly reneged on its promise to drop the charges against him based on the results of a DNA test.[2]  He also challenged Appellees' alleged policy of engaging in informal agreements that violate defendants' rights.  Ultimately, we determined that Davis's claims were barred by the two-year statute of limitation provided in § 1983 actions, and by Heck v. Humphrey, 512 U.S. 477 (1994).  See Davis v. Cty. of Allegheny, 411 F. App'x 447, 449–50 (3d Cir. 2011) (per curiam) (not precedential).

Davis's current suit was brought under 42 U.S.C. § 1983 and Fed. R. Civ. P. 60(d), alleging essentially the same claims against the same parties.  The District Court held that Davis's claims were barred by the doctrine of res judicata and the two-year statute of limitations.  Davis appealed, arguing only that the statute of limitations did not

---

[1] Davis does not appeal the denial of his praecipe (motion) for default judgment.

[2] According to Davis, he entered into an unrecorded, oral agreement with the prosecution that provided his trial would be postponed so DNA testing could be performed on a cigarette butt left by the perpetrator at one of the crime scenes.  He contended that if the test showed he was not the perpetrator, all charges would be dropped.  Davis alleged that during an unrecorded, oral pretrial proceeding subsequent to the DNA test results, he was "acquitted of all robbery charges."  Despite these alleged facts, Davis was ultimately imprisoned, where he remained until he was released in May 2018.

2

begin to run until he was released from prison in May 2018.

We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291. We review the District Court's grant of the motion to dismiss pursuant to Rule 12(b)(6) de novo. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). Similarly, we exercise plenary review over res judicata, or claim preclusion, dismissals. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009).

We will affirm. On appeal, Davis does nothing to advance any argument in opposition to the District Court's holding that his claims are barred by the doctrine of res judicata.[3] Accordingly, he has abandoned this issue. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting it is well settled that "appellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief" and that "if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals"). As this is dispositive of the appeal, we will affirm the District Court's order.[4] Accordingly, we need not address the

---

[3] It appears Davis attempted to use Rule 60 as a means to circumvent the doctrine of res judicata, by alleging Appellees committed "fraud upon the court" in the previous action. The "fraud" he alleges appears to be an incorrect date in court documents. This apparent scrivener's error does not satisfy the high showing required for fraud upon the court; thus, this argument fails. See Herring v. United States, 424 F.3d 384, 386–87 (3d Cir. 2005) (noting "[i]n order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court" and further concluding that a determination of fraud upon the court may be justified only by "egregious misconduct" (footnote omitted)).

[4] In any event, for the reasons stated by the District Court, we conclude that the District Court properly dismissed the complaint as barred by the doctrine of res judicata, as Davis

statute of limitations argument, as that issue was resolved in prior litigation.

For the foregoing reasons, we will affirm.

---

seeks to revisit a final judgment on the same § 1983 claims against the same Appellees. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991) (claim preclusion applies when there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action"); see also Davis, 411 F. App'x at 449–50 (dismissing same claims against same parties).