CLD-004                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2703
_____

THOMAS DAVIS,
                                                Appellant

v.

THE COUNTY OF ALLEGHENY and its agencies;
OFFICE OF DISTRICT ATTORNEY; OFFICE OF PUBLIC DEFENDER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00794)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted on Appellees' Motions for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 3, 2019
Before:  JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 15, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Thomas Davis appeals an order denying his motion for relief under Rule 60 of the

Federal Rules of Civil Procedure.  The County of Allegheny and the offices of the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

District Attorney and Public Defender (collectively, "Appellees") have all moved for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. For the following reasons, we will grant Appellees' motions.

We previously determined that Davis's underlying claims, raised in a prior action, were barred by the two-year statute of limitation provided in § 1983 actions, and by Heck v. Humphrey, 512 U.S. 477 (1994). See Davis v. County of Allegheny, 411 F. App'x 447, 449–50 (3d Cir. 2011) (per curiam) (not precedential). Davis's current suit was brought under 42 U.S.C. § 1983 and Fed. R. Civ. P. 60(d), alleging essentially the same claims against the same parties. The District Court held that Davis's claims were barred by the doctrine of res judicata and the two-year statute of limitation.

On appeal, Davis did not present any argument challenging the District Court's holding that his claims were barred by the doctrine of res judicata. Despite Davis's abandonment of a dispositive issue on appeal, we concluded that the District Court properly dismissed the complaint as barred by the doctrine of res judicata, since Davis sought to revisit a final judgment on the same § 1983 claims against the same Appellees. See Davis v. County of Allegheny, 748 F. App'x 482, 484 n.4 (3d Cir. 2019) (per curiam) (not precedential). We entered our opinion on January 23, 2019.

In June 2019, Davis returned to the District Court and filed another motion under Rule 60 of the Federal Rules of Civil Procedure. In his motion, Davis stated that he was seeking relief under Rule 60(b)(3) (fraud, misrepresentation, or misconduct by an

_____

constitute binding precedent.

2

opposing party); (b)(4) (the judgment is void); and (b)(6) (any other reason that justifies relief). See Fed. R. Civ. P. 60(b)(3), (4), (6). The District Court reasoned that Davis was essentially asking for relief from our January 23 opinion. The District Court held that it was not able to grant relief from our opinion and noted that Davis's proper course for relief was to pursue a writ of certiorari with the United States Supreme Court. Further, the District Court noted that, in any event, Davis's vague and speculative accusations fell well short of the standard for supporting a claim for "fraud on the court."

We have jurisdiction under 28 U.S.C. § 1291. "We review grants or denials of relief under Rule 60(b), aside from those raised under Rule 60(b)(4), under an abuse of discretion standard." Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Insofar as Davis sought relief under Rule 60(b)(4), our review is plenary. See id. at 251 n.5.

Upon our review, it is clear the District Court properly denied Davis's Rule 60(b) motion. "A request for relief pursuant to Rule 60(b) cannot be used as a substitute for an appeal." Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (alteration omitted) (quoting Rolo v. City Investing Co. Liquidating Tr., 155 F.3d 644, 653 (3d Cir. 1998)); see also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) ("[A] motion under Rule 60(b)(4) is not a substitute for a timely appeal."). Indeed, regardless of how he characterized it, Davis's motion essentially sought relief from our January 23 opinion, which is something the District Court was without jurisdiction to grant. See Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 & n.1 (3d Cir. 1982) (per curiam); see also

3

Eutectic Corp. v. Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979) (noting where a Rule 60(b) motion was filed in the District Court to correct a "mistake" as to a Court of Appeals' judgment, the District Court was without jurisdiction to review, alter, or set aside the judgment). As the District Court correctly stated, Davis's proper route for relief from our January 23 opinion was to pursue a writ of certiorari with the United States Supreme Court. See Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 312 (3d Cir. 1999) (en banc) (noting a Rule 60(b)(6) motion cannot be used to second-guess a decision or as a substitute for an appeal; rather a petition for certiorari is proper); see also Eutectic Corp., 597 F.2d at 34 ("The proper course for appellants to seek review of the court of appeals' alleged mistake was by writ of certiorari to the Supreme Court.").

Accordingly, we grant Appellees' motions for summary affirmance, and we will affirm the District Court's judgment.